**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**WILLIAM C. SMITH,
D.O.C. # 116305,**

    **Plaintiff,**

**vs.**                                                               **Case No. 4:22cv373-WS-MAF**

**RICKY D. DIXON, Secretary,
Department of Corrections,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff initiated this case in October 2022 by filing a civil rights complaint. ECF No. 1. Plaintiff challenges Defendant's grooming policy as a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.* at 10. After issuance of an opinion from the Eleventh Circuit Court of Appeals in <u>Sims v. Sec'y, Fla. Dep't of Corr.</u>, No. 19-13745 (11th Cir. 2019), Defendant withdrew the motion to dismiss, ECF No. 56, and filed an answer, ECF No. 58, to Plaintiff's complaint, ECF No. 1, on September 27, 2023. An Initial Scheduling Order, ECF No. 59, was entered to guide discovery and set a deadline for the completion of the

discovery phase of litigation.  Pursuant to that Order, the discovery period will end on January 8, 2024.  ECF No. 59.

The pro se Plaintiff has now filed a motion for partial summary judgment.  ECF No. 60.  The basis for Plaintiff's motion is his contention that Defendant's answer "comprises admissions."  *Id.* at 3.  Plaintiff contends that the admissions and related facts "are not in dispute" and that he is entitled to summary judgment as a matter of law.  *Id.* at 3, 6-18.  Plaintiff further argues that no material "facts are in dispute which may otherwise require judicial disposition."  ECF No. 60 at 18.  Because Plaintiff's assertions are not correct, and because ruling on Plaintiff's motion is clear, this Report and Recommendation is entered without awaiting a response from the Defendant.

**Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). As noted above, the parties are currently provided a period for conducting discovery.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).

**Analysis**

The Court has reviewed Defendant's answer and affirmative defenses, ECF No. 58, which Plaintiff contends entitles him to partial summary judgment. While Defendant admits that many of Plaintiff's factual allegations are true, Defendant does not admit that Plaintiff's rights under the RLUIPA have been violated. See ECF No. 58 at 3; ECF No. 1 at 10,

¶17. Specifically, Plaintiff's complaint asserted the violation of his RLUIPA rights. *See* ECF No. 1 at 10, ¶17. However, Defendant admitted only "that Plaintiff claims violation of RLUIPA." ECF No. 58 at 3, ¶17. Thus, Defendant admits and acknowledges the claim presented in this case, but not the facts which support such a claim.

Importantly, Defendant acknowledges that its policy exists as described and challenged by Plaintiff, but Defendant does not admit that the policy substantially burdens Plaintiff's exercising his religious faith. That is the central component of a claim under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc. Holt v. Hobbs, 574 U.S. 352, 356, 135 S. Ct. 853, 859, 190 L. Ed. 2d 747 (2015). Moreover, Defendant has not conceded that the policy is not the "least restrictive means of furthering a compelling governmental interest." Dorman v. Aronofsky, 36 F.4th 1306, 1313 (11th Cir. 2022) (citing to Ramirez v. Collier, ⸺ U.S. ⸺, 142 S. Ct. 1264, 1277, 212 L. Ed. 2d 262 (2022)). Because Defendant's answer does not make those concessions, Plaintiff has not shown his entitlement to partial summary judgment on this claim. It remains to be seen whether Defendant's policy

is the "least restrictive means of furthering a compelling governmental interest." Dorman, 36 F.4th at 1313.

In addition, while Plaintiff contends he is seeking "partial summary judgment," Plaintiff presented only one claim in his complaint - the RLUIPA claim. ECF No. 1. Plaintiff has not demonstrated that the material facts to support this claim are undisputed, nor has Plaintiff demonstrated any other pending claim in this case. Thus, Plaintiff's motion for partial summary judgment should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for partial summary judgment, ECF No. 60, be **DENIED** because Plaintiff has not demonstrated the absence of a genuine dispute of material facts. It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 29, 2023.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.